IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH D. GRAY, | ) | 4:08CV3107 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WYUKA CEMETERY, | ) | |
| | ) | |
| Defendant. | ) | |

      Plaintiff, an at-will employee, alleges that he was wrongfully terminated from his job with Defendant, Wyuka Cemetery ("Wyuka"). The Complaint asserts a state law claim for termination in violation of public policy and a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. This matter is before the court upon Wyuka's Motion to Dismiss (filing 4). Wyuka seeks dismissal of the state law claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Wyuka also seeks dismissal of the ERISA claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), asserting that the ERISA claim is barred by the Eleventh Amendment and the statute of limitations and that the complaint fails to state an ERISA claim. I will deny the motion with respect to the state law claim and will grant it in part with respect to the ERISA claim.

### *State Law Claim*

      The motion to dismiss the state law claim is based on Rule 12(b)(6). When confronted with a Rule 12(b)(6) motion, all the factual allegations contained in the complaint are accepted as true, and the complaint is reviewed to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). If the complaint does not state "enough facts to state a claim to relief that is plausible on its face," it must be dismissed for failure to state a claim. *Id.* at 1974. The complaint must state enough facts to "nudge

[the] claims across the line from conceivable to plausible . . . ." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id. at 1965* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Although the general rule is that employees in Nebraska are employees at will, Nebraska courts have found that when a whistleblower is terminated after complaining of conduct that constitutes a crime under state law, the termination is in violation of "public policy" and is actionable. *See, e.g.*, *Schriner v. Meginnis Ford Co.*, 421 N.W.2d 755 (Neb. 1988). Nebraska courts have also found that although the workers compensation statutes create "public policy" for purposes of the tort of termination in violation of public policy, *Jackson v. Morris Commc'n Corp.*, 657 N.W. 2d 634 (2003), the Nebraska Wage Payment and Collection Act does not constitute "public policy" for this purpose, *Malone v. American Business Info.*, 634 N.W.2d 788 (Neb. 2001).

The Complaint alleges that Plaintiff reported and voiced concerns about "financial and regulatory violations by Defendant in their use and management of public funds," and "illegal activity." (Filing 1-2 at ¶¶ 4, 6.) More specifically, it alleges that Plaintiff complained that Wyuka was spending perpetual care funds in violation of Neb. Rev. Stat. § 12-103, which requires that the trustees of Wyuka Cemetery set aside part of the purchase price of each burial lot for permanent maintenance of the cemetery and permits investment of this perpetual care fund only in specified authorized investments. (Filing 1-2 at ¶7.) Plaintiff's brief also contains assertions regarding violation of the Burial Pre-Need Sale Act, Neb. Rev. Stat. §§ 12-1101 to 12-1121. (Filing 7 at 4.)

Plaintiff asserts that he complained of violation of the statute governing Wyuka's perpetual care funds, Neb. Rev. Stat. § 12-103. Although this statute does not create a criminal penalty for mismanagement of those funds, there is a general

statute providing that if a "public servant" knowingly violates any statute relating to his official duties, that individual has committed "official misconduct" which is a misdemeanor. Neb. Rev. Stat. § 28-924. As Wyuka is a public charitable corporation created pursuant to Neb. Rev. Stat. § 12-101, the Wyuka trustees may be "public servants" for purposes of section 28-924. If so, there may be a "public policy" for purposes of the tort of termination in violation of public policy. *Cf. Wyuka Cemetery Special Evaluation Summary*, issued by the Nebraska Auditor of Public Accounts on January 22, 2008, at 9-10 (noting that matter of mismanagement of Wyuka perpetual care funds was referred to appropriate authorities for further legal review on question whether Wyuka trustees and legal counsel were "public servants" for purposes of Neb. Rev. Stat. § 28-924 criminal sanctions for official misconduct).[1]

Plaintiff's brief also refers to violation of the Burial Pre-Need Sale Act, Neb. Rev. Stat. §§ 12-1101 to 12-1121. (Filing 7 at 4.) Violation of the Burial Pre-Need

---

[1]This report is found on the Nebraska State Auditor's website, and available at <http://www.auditors.state.ne.us/index_html?page=/content/reports/search.html>, by selecting year "2008" and entering keyword "Wyuka." The report provides as follows:

> The Lincoln Police Department undertook an investigation in October 2006. They observed the withdrawal of perpetual care funds to cover current operating expenditures was in conflict with Neb. Rev. Stat. § 12-103; however this section of statute provides no penalty. They did not acknowledge the Wyuka Trustees and their legal counsel as public servant subject to Neb. Rev. Stat. § 28-924, which provides criminal sanctions for official misconduct. The APA will refer this matter to the appropriate authorities for further legal review. The APA noted two of the current Wyuka trustees, Jeff Schumacher and Faye Osborn, were not involved in the withdrawal of perpetual care funds.

*Id.* at 9-10.

Sale Act is a misdemeanor. Neb. Rev. Stat. § 12-1118. It is not entirely clear whether the Burial Pre-Need Sale Act applies to Wyuka, or whether Plaintiff's allegations of "financial and regulatory violations by Defendant in their use and management of public funds," and "illegal activity" (filing 1-2 at ¶¶ 4, 6) included assertions that the Burial Pre-Need Sale Act was violated.

The law on what is needed to create "public policy" for purposes of the tort of discharge in violation of public policy is nearly so amorphous as to prevent its application in a Rule 12(b)(6) motion. That is particularly so here, as the quasi-public status of Wyuka makes it unclear whether Wyuka trustees can be criminally liable under the general "official misconduct" statute and the specific nature of the wrongful activity allegedly reported by Plaintiff is as yet unspecified. I find that Plaintiff has stated a state law claim of termination in violation of public policy for purposes of the pending Rule 12(b)(6) motion to dismiss. This claim would be better resolved on a motion for summary judgment after the record is developed.

The state courts are the better venue for exploring the parameters of the state law claim, and this action is in federal court only because the inclusion of the ERISA claim permitted Defendant to remove the action from the state courts. As I later explain in more detail, if the ERISA claim is later dismissed, I will on my own motion remand this action to the state courts.

### *ERISA Claim*

The motion to dismiss seeks dismissal of the ERISA claim pursuant to Rules 12(b)(1) and 12(b)(6) for the reasons that it is time barred, prohibited by the Eleventh Amendment, and fails to state a claim. The first two contentions are easily disposed of. The parties agree that since ERISA contains no statute of limitations, I must borrow the most analagous state statute. *Wendeln v. The Beatrice Manor, Inc.*, 712 N.W.2d 226, 384-85 (Neb. 2006) held that a claim for retaliatory discharge in

violation of public policy sounds in tort and is governed by the four-year statute of limitations found in Neb. Rev. Stat. § 25-207.[2] This action was brought within that four year period. As to the Eleventh Amendment defense, if Wyuka has Eleventh Amendment immunity, Wyuka waived it by removing this suit to federal court. *Lapides v. Board of Regents*, 535 U.S. 613, 624 (2002) (finding that State's action of removing case to federal court waived its Eleventh Amendment immunity and suggesting that district court remand to the state courts for determination since federal claims had been dismissed). I turn now to the question whether the complaint fails to state an ERISA claim.

"Section 510 of ERISA makes it unlawful for an employer to discharge a participant in an employee benefit plan 'for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.'" *Fitzgerald v. Action, Inc.*, 521 F.3d 867, 871 (8th Cir. 2008) (quoting 29 U.S.C. § 1140, the codification of § 510). A plaintiff claiming interference with prospective insurance benefits under § 510 must demonstrate "a causal connection between the likelihood of future benefits and an adverse employment action." *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1034 (8th Cir. 2007). The plaintiff must establish that the employer "'had a specific intent to interfere with his insurance benefits . . . .'" *Fitzgerald*, 521 F.3d at 871 (internal citation omitted). The McDonnell Douglas burden-shifting analysis is utilized if circumstantial evidence is used to show intent to interfere. *Id.*

---

[2]Plaintiff's brief referenced the opposition clause of the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1114, when asserting that her termination was in violation of public policy. (Filing 7 at 4.) Plaintiff's brief clearly asserts that the applicable statute of limitations for the ERISA claim is the four-year limitation for tort claims because *Wendeln* held that a discharge based on violation of public policy sounded in tort and was not governed by the NFEPA limitations period. (Filing 7 at 5-6.) I understand the wrongful discharge claim to be based on public policy and not on NFEPA.

For purposes of the 12(b)(6) motion, I consider whether the complaint states facts sufficient to allege a prima facie violation of § 510 of ERISA. First, I note that the complaint does not allege the existence of an employee benefit plan covered by ERISA or that Plaintiff is a beneficiary of such a plan. It merely mentions "health care costs incident to and paid by the employer" and "terminating the Plaintiff because of his use of his employee health insurance benefit." (Filing 1-2 at ¶ 14, 16.) Second, these bare bones allegations do not allege conduct demonstrating that Wyuka had the specific intent to interfere with Plaintiff's insurance benefits (assuming that Plaintiff was entitled to insurance benefits under an ERISA employee benefit plan). The complaint does not even allege that whoever fired Plaintiff was aware of employer-paid insurance costs or benefits, or that Plaintiff had an expensive health condition. Nor does the complaint indicate that Plaintiff was singled out in an attempt to deny Plaintiff insurance benefits. *Cf. Schweitzer v. Teamster Local 100, 413 F.3d 533, 539 (6th Cir. 2005)* (fact that an employee's termination would save the employer costs of benefits is not sufficient to allege discriminatory intent needed for prima facie case as it could be part of non-actionable general cost cutting that resulted in incidental reduction in benefit costs ).

Plaintiff's brief states as follows: "If need be Plaintiff could go on to explain that his health conditions required significant medical treatment and after termination his cobra payments were in excess of $700.00 a month." (Filing 7 at 9.) Even if I considered this assertion to be part of the complaint, it is insufficient to establish a prima facie case.

Plaintiff has failed to establish a prima facie violation of ERISA § 510, 29 U.S.C. § 1140. I will grant that part of Wyuka's motion which seeks dismissal of the ERISA claim pursuant to Rule 12(b)(6) unless Plaintiff amends the complaint to include facts sufficient to allege a prima facie ERISA violation. I grant leave to amend the complaint. In this regard, I suggest that Plaintiff consider whether he wants to return to state court for resolution of the state law claim of wrongful

termination in violation of public policy. The state law claim appears to be a stronger claim than the ERISA claim. If Plaintiff elects to file a motion to dismiss the ERISA claim in lieu of an amended complaint clarifying the ERISA claim, I will grant the motion to dismiss and will remand this action to the state courts.

Accordingly,

IT IS ORDERED that:

1. The motion in filing 4 is denied, to the extent it seeks dismissal of the *state law* claim pursuant to Rule 12(b)(6), without prejudice to later filing of a properly supported motion for summary judgment;

2. The motion in filing 4 is denied insofar as it seeks dismissal of the ERISA claim on statute of limitation or Eleventh Amendment grounds pursuant to Rules 12(b)(1) and 12(b)(6);

3. The motion in filing 4, to the extent it seeks dismissal of the ERISA claim for failure to state a claim pursuant to Rule 12(b)(6), remains pending as set forth in this memorandum and order;

3. Plaintiff is granted leave to amend the complaint to include factual allegations sufficient to establish a prima facie ERISA case. Any amendment shall be filed on or before **August 10, 2008**. *In the absence of the timely filing of an amended complaint, and without further notice, I will grant that portion of the motion in filing 4 which seeks dismissal of the ERISA claim for failure to state a claim pursuant to Rule 12(b)(6) and will remand this action to state court*;

4. If Plaintiff elects to amend the complaint, then

    (a)    Within 20 days of the filing of the amended complaint Defendant shall file a supplemental brief indicating whether that amended complaint should be dismissed for failure to state an ERISA claim and

    (b)    Plaintiff shall have 20 days from the date Defendant's supplemental brief is filed in which to file a supplemental reply brief; and

5.    The Clerk of the Court shall make an entry in the CM/ECF system indicating that the remaining portion of the motion in [filing 4](filing 4) is ripe for decision on August 10, 2008. If an amended complaint is filed, I will give further instructions to the Clerk regarding the ripe date for the motion.

July 10, 2008.                      BY THE COURT:

                                      *s/Richard G. Kopf*
                                      United States District Judge